UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LEE HARMON,<br><br>    Plaintiff,<br><br>    v.<br><br>RIO COSUMNES CORRECTIONAL CENTER,<br><br>    Defendant. | No. 2:20-cv-1408 DB P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Screening Requirement**

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

## II. Pleading Requirements

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## III. Plaintiff's Allegations

At all times relevant to this action, plaintiff was a county inmate housed at San Cosumnes Correctional Center ("SCCC") in Elk Grove, California. He names the SCCC as the sole defendant in this damages action. He seeks $10.5 million.

Plaintiff's allegations may be fairly summarized as follows:

Between June 27 and July 1, 2020, plaintiff claims that he is at risk of contracting Covid-19 at the SCCC because he is being deprived of cleaning supplies, despite living in a dorm setting with 80-100 other people. He also claims that social distancing is not occurring, since he and the other inmates are only able to maintain a 2-foot distance from one another. Plaintiff further claims that he is not provided masks, the police do not wear masks, and the individuals who cook and prepare the food do not wear masks. Lastly, he contends that there is no Covid-19 testing done.

**IV.    Discussion**

    **A. Eleventh Amendment Immunity**

The Eleventh Amendment bars any suit against a state or state agency absent a valid waiver or abrogation of its sovereign immunity. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 10 (1890). This immunity applies regardless of whether a state or state agency is sued for damages or injunctive relief, Alabama v. Pugh, 438 U.S. 731, 732 (1978), and regardless of whether the plaintiff's claim arises under federal or state law, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984).

While Congress may validly abrogate a state's sovereign immunity by statute, the Supreme Court has repeatedly emphasized that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Kentucky v. Graham, 473 U.S. 159, 169 n.17 (1985); accord Quern v. Jordan, 440 U.S. 332, 342 (1979).

Both the Ninth Circuit and the Supreme Court have recognized that the "State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985), superseded on other grounds by statute, Rehabilitation Act Amendments of 1986, 42 U.S.C. § 2000d–7 (observing that the California Constitution does not waive the state's Eleventh Amendment immunity).

In the context of prisoner lawsuits against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR and prisons within CDCR are immune from suit under the Eleventh Amendment. See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); Fulcher v. Cal. Dep't of Corrs., 297 Fed. App'x 645, 646 (9th Cir. 2008) ( "[T]he California Department of Corrections ... is a state agency that is immune from liability under the Eleventh Amendment."); cf. Holley v. Cal. Dep't of Corrs., 599 F.3d 1108, 1111-12 (9th Cir.2010) (affirming dismissal of complaint against CDCR because California had not constructively waived its sovereign immunity by accepting federal funds).

Plaintiff here brings this suit against the SCCC for $10.5 million in damages. As a prison within CDCR, however, the SCCC is immune from damages. Accordingly, plaintiff fails to state a claim against this defendant. In the absence of any other defendant, plaintiff's complaint is subject to dismissal.

### B. Exhaustion of Administrative Remedies

In addition, plaintiff indicates on his form complaint that he did not exhaust his administrative remedies prior to filing suit. Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't. of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

As noted, plaintiff responded "No" to the form complaint question that asked whether he had filed a grievance or appeal of all of the facts in his complaint. The complaint is signed under penalty of perjury. Based on plaintiff's own statements, there is no indication that plaintiff pursued his grievance or appeal at any administrative level. Thus, it appears clearly on the face of

the complaint that plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with section 1997e(a).

### V. Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Doc. 2) is DENIED;

2. The Clerk of Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to exhaust administrative remedies prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: November 12, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/harm1408.scrn